UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVYANG VED,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL FITNESS VENTURES, LLC, et al.,<br><br>    Defendants. | Case No. 25-cv-03286-HSG<br><br>**ORDER FINDING LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 26, 38, 40 |

On August 13, 2025, the Court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 38. In that order, the Court noted that Plaintiff has invoked diversity jurisdiction under 28 U.S.C. § 1332 in the operative complaint, Dkt. No. 25 ("SAC"), but diversity jurisdiction is not sufficiently supported by the allegations in the SAC. Specifically, Plaintiff alleges that Defendant Global Fitness Ventures, LLC ("Global Fitness"), is a limited liability corporation, and that Defendant Spain Fitness Ventures, LP ("Spain Fitness"), is a limited partnership. As such, each of those Defendants is a citizen of every state in which its individual members or partners, respectively, are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, the SAC contains no allegations regarding the citizenship of Defendant Global Fitness' individual members or Defendant Spain Fitness' partners. Accordingly, the Court concluded that it could not confirm that complete diversity exists and ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction.

In its timely response to the order to show cause, Plaintiff argues that complete diversity exists because he is a citizen of New Jersey and none of the individual members of Defendant

1  Global Fitness is a citizen of New Jersey.  *See* Dkt. No. 40 at 1; *see also id.* at 2–3 (representing

2  that Global Fitness' "known" members are citizens of California, Tennessee, Mexico, and

3  Portugal).  However, Plaintiff did not specify the citizenship of Defendant Spain Fitness' partners.

4  Plaintiff argues that he "brings this action derivatively on behalf of Spain Fitness Ventures, LP,"

5  and that, because Spain Fitness is a "nominal defendant" that was joined only "to ensure it is

6  bound by judgment," its citizenship does not defeat diversity.  *See id.* at 2.

7        The Court is not persuaded that Spain Fitness is a "nominal" party whose citizenship can

8  be disregarded for the purpose of determining whether diversity jurisdiction exists.  A nominal

9  party is one that "ha[s] no interest in the action" and is "merely joined to perform [a] ministerial

10  act[.]"  *See Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir.

11  2000).  Here, as noted, Plaintiff represents that he "brings this action derivatively on behalf of

12  Spain Fitness Ventures, LP."  Dkt No. 40 at 2.  This is consistent with the SAC, where he alleges

13  that he is one of Spain Fitness' limited partners and brings derivative claims on its behalf to

14  redress harm caused to it by its general partner, Defendant Global Fitness.  *See, e.g.*, SAC at 2,

15  10–11.[1]  Where, as here, an action is brought derivatively on behalf of an incorporated or

16  unincorporated entity, the entity is "the real party in interest," not the person who brings the suit

17  on its behalf.  This is because, in a derivative suit, the rights giving rise to the action belong to the

18  incorporated or unincorporated entity, not the person who brings the suit.  *See Ross v. Bernhard*,

19  396 U.S. 531, 538 (1970) (holding that, in a derivative suit, the claim presented by a shareholder

20  "is not his own but the corporation's" and, thus, "[t]he corporation is a necessary party to the

21  action; without it the case cannot proceed.  Although named a defendant, it is the real party in

22  interest, the stockholder being at best the nominal plaintiff"); *Maaranu v. Ecommerce Saas, LLC*,

23  No. 821CV01407DOCJDE, 2022 WL 2163847, at *4 (C.D. Cal. Feb. 16, 2022) ("District courts

24  in the Ninth Circuit have generally held that LLCs are a real party in interest in derivative actions

25  and consider their citizenship for diversity purposes in derivative suits.") (collecting cases).

---

[1] Because the paragraph numbers in the SAC are not consecutively numbered, the Court cites to the PDF pagination.

1    Accordingly, Spain Fitness is the real party in interest, not a nominal party. As such, its

2    citizenship must be considered when analyzing whether diversity jurisdiction exists.[2] *See Navarro*

3    *Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (holding that a federal court must "rest jurisdiction

4    only upon the citizenship of real parties to the controversy") (citations omitted).

5    "Diversity jurisdiction requires complete diversity between the parties—each defendant

6    must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*,

7    549 F.3d 1223, 1234 (9th Cir. 2008). Here, when taking Defendant Spain Fitness' citizenship into

8    account, complete diversity is lacking. Spain Fitness is properly aligned as a defendant because

9    Plaintiff alleges that Defendant Global Fitness has control over Spain Fitness' management as its

10   general partner, and his allegations raise the inference that Global Fitness' interests are

11   antagonistic to his own because it would not bring a lawsuit on Spain Fitness' behalf arising out of

12   the wrongdoing alleged in the SAC. *See* SAC at 11; *see also In re Digimarc*, 549 F.3d at 1234

13   (holding that, in a derivative suit, the corporation may be aligned as a defendant where the

14   pleadings indicate that the corporation's officers or directors are "antagonistic" to the interests of

15   the shareholder who brings the derivative suit). As noted, as a limited partnership, Spain Fitness is

16   a citizen of every state in which its partners are citizens. *See Johnson*, 437 F.3d at 899. Although

17   Plaintiff failed to provide the citizenship of Spain Fitness' partners in its response to the Court's

18   order to show cause, the Court can reasonably infer that Spain Fitness is a citizen of New Jersey,

19   because Plaintiff alleges that he is one of Spain Fitness' limited partners, *see* SAC at 2, and

20   Plaintiff represents in its response to the order to show cause that he is a citizen of New Jersey, *see*

21   Dkt. No. 40 at 2. Given that Plaintiff and Defendant Spain Fitness are both citizens of New

---

[2] In its response to the Court's order to show cause, Plaintiff cites *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182–83 (9th Cir. 2004), for the proposition that, "[i]n shareholder and partner derivative suits, the entity on whose behalf the action is brought is typically aligned as a nominal defendant, and its citizenship does not defeat diversity." *See* Dkt. No. 40 at 2. *Kuntz*, however, does not involve or address derivative suits. *Kuntz* holds that an *incorporated* entity that is sued directly (not derivatively) is the real party in interest in such a suit and must be treated as a citizen of the state of its incorporation for the purpose of diversity jurisdiction. *See Kuntz*, 385 F.3d at 1182–83. *Kuntz* is inapposite, as no incorporated entity is being sued directly in this case. The two entities that are parties in this case, Global Fitness and Spain Fitness, are unincorporated.

3

Jersey, there is no complete diversity between the parties.³  Accordingly, diversity jurisdiction under 28 U.S.C. § 1332 does not exist and the action must be dismissed for lack of subject matter jurisdiction.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Plaintiff does not argue in his response to the Court's order to show cause that, in addition to derivative claims, he also asserts non-derivative claims⁴ against Global Fitness that do not require the joinder of Spain Fitness as a necessary party and that, therefore, involve only diverse parties.  *See generally* Dkt. No. 40.  Even if Plaintiff had made such an argument, it would not matter.  The inclusion of non-derivative claims in the SAC would not affect the diversity jurisdiction analysis here because that analysis turns on Plaintiff's assertion of derivative claims on Spain Fitness' behalf.  As long as *any* derivative claims are asserted in the SAC on Spain Fitness' behalf, that entity must be joined as a necessary party as the real party in interest with respect to those claims.  The joinder of Spain Fitness destroys diversity of citizenship and deprives the Court of original diversity jurisdiction, thus requiring the dismissal of *all* claims in the case, including any non-derivative claims that involve only Plaintiff and Global Fitness.  *See Exxon*, 545 U.S. at 564 ("A failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates *every claim* in the action.") (emphasis added); *see also id.* at 554 ("Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere."); *see also Ron v. Schwartz*, No. 17-CV-02124-SK, 2018 WL 10345322, at *3 & n.1 (N.D. Cal. Nov. 5, 2018) (noting that "jurisdiction in [federal court under 28 U.S.C. § 1332] can be destroyed by the existence of a

---

³ Complete diversity also would not exist if Spain Fitness were aligned as a plaintiff.  Because Spain Fitness' citizenship is determined based on the citizenship of its partners, and Plaintiff alleges that Defendant Global Fitness is Spain Fitness' general partner, *see* SAC at 2, 11, Spain Fitness is a citizen of every state in which Global Fitness is citizen (i.e., California, Tennessee, Mexico, and Portugal).

⁴ Non-derivative claims would be ones brought on Plaintiff's own behalf to redress his own injuries.

4

single derivative claim" brought on behalf of an unincorporated entity that destroys diversity because, when complete diversity does not exist, the court lacks original jurisdiction under 28 U.S.C. § 1332 and cannot exercise supplemental jurisdiction over non-diverse claims) (citing *Exxon Mobil*, 545 U.S. at 553-54, 564).

In light of the foregoing, this action, as currently pleaded, is subject to dismissal for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over the operative complaint, the pending motion to dismiss that pleading, Dkt. No. 26, is DENIED AS MOOT.

Plaintiff may file an amended complaint within 28 days of the date of this order to the extent that he can and wishes to assert non-derivative claims against Defendant Global Fitness that do not require the joinder of Spain Fitness as a necessary party and over which the Court can exercise jurisdiction under 28 U.S.C. § 1332. *See Ron*, 2018 WL 10345322, at *6 (after concluding that the court lacked subject matter jurisdiction over a derivative action because complete diversity did not exist, permitting plaintiff to file an amended complaint to assert only "direct claims" (i.e., non-derivative claims) over which the court could exercise diversity jurisdiction).

If no amended complaint consistent with this order is filed within 28 days, this action will be dismissed for lack of subject matter jurisdiction pursuant to the reasoning in this order, and the Clerk will be directed to close file.

**IT IS SO ORDERED.**

Dated: January 12, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge